DARRELL K. SVENDSEN AND JANELLE E. SVENDSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
SVENDSEN v. COMMISSIONER
Docket No. 3585-76.
United States Tax Court
T.C. Memo 1978-503; 1978 Tax Ct. Memo LEXIS 12; 37 T.C.M. (CCH) 1851-63; December 20, 1978, Filed *12 Held: Petitioners not entitled to dependency exemptions because it was clearly established that the custodial parent supplied over half of children's support. Held,further: The cost of replacing three tires damaged in an accident while moving a mobile home is not deductible as a moving expense, under section 217, I.R.C. 1954. However, an additional escort fee incurred because of that accident is deductible. Frank L. Farrar, for the petitioners. Gerald W. Leland, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies in petitioners' income taxes for the calendar years 1972 and 1973 in the amounts of $526 and $533.70, respectively. After a concession by petitioners, two issues remain for our decision: (1) Whether petitioners are entitled to the dependency exemptions for each of Darrell's three children for the years in issue; and (2) whether petitioners are entitled to deduct as moving expenses the cost of replacing tires and an escort fee made necessary due to an accident while petitioners' mobile home was being moved from Des Moines, Iowa to Britton, South Dakota.
FINDINGS OF FACT Some of the facts have been stipulated.The *13 stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners, Darrell K. and Janelle E. Svendsen, husband and wife, were residents of Britton, South Dakota at the time of filing their petition herein. They filed their joint Federal income tax returns for the years in issue with the Western Regional Service Center, Ogden, Utah. Petitioner, Darrell K. Svendsen, was previously married to Inez Shick. While they were married, Inez and Darrell had three sons, Scott and Steven, both born in 1963 and Thomas, born in 1964. In December 1970, Darrell and Inez were divorced. Under the divorce decree entered between Inez and Darrell, Darrell was required to pay $150 per month for child support for the three children. On their 1972 and 1973 income tax returns, petitioners claimed dependency exemptions for Scott, Steven and Thomas in addition to the one which they claimed for their own son, Dana. Inez later married Milbert W. Schick. During 1972 and 1973, Inez and her three minor children lived with Milbert and his daughter, who also resided in the household until going away to college in September 1973. During those same years, *14 Darrell paid Inez $1,800 each year as provided in the divorce decree for the support of Scott, Steven, and Thomas. On the income tax returns filed by Inez and Milbert, they claimed Scott, Steven, and Thomas as dependents. During 1972, Milbert and Inez expended the following amounts to operate their household: Food
$ 3,100.54
Utilities
1,428.12
Repairs
298.82
Supplies
102.02
Miscellaneous
235.55
$ 5,175.05
During that year they also spent the following amounts on each of the three boys: Clothing
$ 191.34
Education
114.84
Medical
71.33
Travel, Recreation
140.70
Christmas Gifts
44.69
Birthdays
31.01
Church Donation
21.00
Sunday School Donation
21.00
Haircuts
18.00
Personal Items
20.00
Spending Money
61.25
Miscellaneous
20.00
$ 755.16
During 1973 Milbert and Inez expended the following amounts in operating their household: Food
$ 4,035.97
Utilities
1,733.59
Repairs
345.23
Supplies
99.06
Miscellaneous
128.24
$ 6,342.09
During 1973 Milbert and Inez also spent the following amounts on each of the three boys: Clothing
$ 139.68
Education
57.50
Medical
125.22
Travel and Recreation
83.33
Church Donation
22.50
Sunday School Donation
22.50
Haircuts
21.00
Personal Items
25.00
Spending Money
73.50
Miscellaneous
20.00
Christmas Gifts
46.63
Birthday Gifts
26.48
$ 663.34
*15 The fair rental value of the Schick residence in both 1972 and 1973 was $175 per month as furnished. Petitioners made the following payments relative to the three boys during the years in issue: 1972
1973
Support payments
$ 1,800.00
$ 1,800.00
Meals and Entertainment
Furnished on Monthly Visits
107.62
130.00
Gifts & Misc. Expenses
701.94
Transportation [1]
202.50
120.00
Insurance Trust Policy Premiums
329.48
329.48
Summer Vacation
206.79
199.14
Clothes Furnished on Summer Vacation
112.58
56.40
Total for all Three Children
$ 2,758.97
$ 3,336.96
The miscellaneous expenditures of $701.94 for 1973 includes $415.76 for attorney's fees incurred by petitioners in order to establish visitation rights for Darrell. The insurance trust policy premiums of $329.48 for 1972 and 1973 represents payments to a trustee of a life insurance trust of which Scott, Steven and Thomas are beneficiaries. This was a provision of the divorce decree entered between Darrell and Inez in 1970.
In 1972, petitioners moved from Des Moines, Iowa, to Britton, South Dakota. In the process of moving, they hired a mover to transport their mobile home. During the move, due to an accident, petitioners' *16 mobile home blew out three new tires. The mover charged petitioners $83 to replace the three tires plus an additional escort charge of $60 due to the breakdown. ULTIMATE FINDING OF FACT Respondent clearly established that Milbert and Inez Schick provided over one-half of the children's support for each of the years 1972 and 1973. OPINION For purposes of determining entitlement to dependency exemptions, section 152(e)(2) (relating to divorced parents) states: [2]
(2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent *17 not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. The parties have agreed that this provision places the burden on the respondent to "clearly establish" that the parent having custody "provided more for the support of [the children] during the calendar year than the parent not having custody." The amount of support furnished by Inez, as the custodial parent, includes amounts furnished by her new husband, Milbert. See Colton v. Commissioner,56 T.C. 471 (1971). Support includes expenditures for food, shelter (including utilities and repairs), [3] *18 clothing, medical, education, allowances, [4] toys, [5] church contributions, [6] and the like. Section 1.152-1(a)(2)(i), Income Tax Regs.Shelter as an item of support includes the fair rental value of the lodging plus an allocable share of general household expenditures. Haynes v. Commissioner,23 T.C. 1046 (1955).[7]
Respondent asserts that the Schicks provided each child with support in 1972 and 1973 allocated as follows: 1972
1973
Fair Rental Value
$ 2,100.00
$ 2,100.00
Household Operating Expenses
5,175.05
6,342.09
Amount Allocable to each child [8]
1,212.51
1,500.81
Expenditure per child
755.16
663.34
Support Provided
$ 1,967.67
$ 2,164.15
The amount of each item claimed as support by the Schicks is uncontested. The only item lacking documentation was the estimated fair rental value of the house as furnished, not taking into account the cost of utilities. However, we found Milbert *19 Schick to be a credible witness, and to have had sufficient foundation for his estimate that the fair rental value of his home during the years in issue was between $175 and $200 per month. On the basis of his testimony, we have found the fair rental value to have been $175 per month. Thus, respondent asserts, the Schicks provided each child with support in the amounts of $1,967.67 and $2,164.15 for the years 1972 and 1973, respectively. Petitioners attack respondent's schedule allocating the general expenses of running the household claiming that to allocate general household costs pro rata among all occupants is not proper. They argue that because the children were absent from the household for 2,464 hours out of the year (8,760 hours) due to summer vacation, visitation, school and school functions, and spent eight hours per night in one room (presumably referring to their time in bed) that the amount of general household expenditures plus fair rental value allocable to them is less than pro rata, relying on Cameron v. Commissioner,T.C. Memo. 1974-166 (wherein this Court allocated 60 percent to the custodial parent and 40 percent to the three children). Petitioners further *20 argue that to consider repairs as a general support item incorrectly includes capital expenditures as an item of support. Finally, they point out that the support per child figure was not reduced by the $600 worth of support furnished by petitioners to the Schicks. Respondent likewise attacks several of the purported items of support claimed by petitioners. More specifically he claims that life insurance premiums are not considered support items; that the $415.76 which represented attorney's fees paid by petitioners in connection with support and visitation rights does not constitute support; and that transportation expenses incurred in transporting the boys to and from the home of the custodial parent and lodging incurred in connection with visitation are not properly support items. With respect to respondent's schedule of support as furnished by the Schicks, we agree with petitioners that respondent should have deducted $600 per child because this amount was supplied by them for each child. To allow its inclusion as support by the custodial parent is to ignore its origin and to count it twice as a cost of support. [9] We also agree with petitioners that allocation of housing *21 costs on a pro rata basis among all members of the Schick household is not totally realistic. [10] Petitioners cite Cameron v. Commissioner,supra, and we have found other cases where a pro rata allocation was not used. McKay v. Commissioner,34 T.C. 1080 (1960); Tharp v. Commissioner,T.C. Memo. 1977-36; and see also Moore v. Commissioner, a Memorandum Opinion of this Court dated Jan. 29, 1954. Considering the record before us, we find ten percent of the general household expenses, with the exception of food, and fair rental value to be allocable to each child. As for the food costs, considering the age of the boys, we find a pro rata allocation appropriate. As for petitioners' contention that inclusion of home repairs as a properly allocable *22 support expenditure improperly includes capital expenditures, we disagree. The largest expenditure for repairs was $148.15 incurred in 1973 for the replacement of windows which the children broke while playing. The remainder of the items were generally relatively small amounts and were not the types of expenditures considered capital in nature. Based on the foregoing, we find that the support furnished by the Schicks to each child for each of the years in issue was as follows: 1972
1973
General Household Expenses
Plus Fair Rental Value
Less Food Cost
$ 4,164.51
$ 4,406.12
Allocable Portion
X. 10
X. 10
416.45
440.61
Plus Allocable Portion of Food
Expenditure [11]
518.42
717.50
Expenditures Specifically Related
to Children
755.16
663.34
TOTAL
$ 1,690.03
$ 1,821.45
Less Amount Supplied by
Noncustodial Parent
600.00
600.00
$ 1,090.03
$ 1,221.45
We find that not all of petitioners' items scheduled as support are properly support items. As part of the divorce decree, Darrell was required to maintain a life insurance policy through an irrevocable trust with the custodial parent named beneficiary. It *23 has been held that life insurance premiums do not constitute a support item, since they do not contribute to the costs of maintenance. Cramer v. Commissioner,55 T.C. 1125, 1129 (1971).[12] Nor do attorney's fees incurred in connection with support and visitation rights constitute support payments. Cramer v. Commissioner,supra. Finally, while we believe petitioners' asserted expenditures with respect to the children are reasonably accurate, we also believe that those expenditures allocable in part to petitioners should be so allocated. For instance, the costs of transportation and summer vacation were incurred while petitioners were with their children either on vacation or at petitioners' home. We believe a liberal allocation would be to divide those costs and allocate only three-sixths to the children. Thus, petitioners' support provided each of the three children was as follows: 1972
1973
Meals Furnished on Monthly Visits
$ 107.62
$ 130.00
Gifts
286.18
Transportation
101.25
60.00
Summer Vacation
103.39
99.57
Clothing Furnished on Summer Vacation
112.58
56.40
424.84
632.15
Per Child Expenditure
141.61
210.72
Plus $600 Child Support Payment
600.00
600.00
Support Supplied Per Child
$ 741.61
$ 810.72
*24 While we realize that approximations are necessarily involved in our determination, we have found the Schicks supplied support in the amounts of $1,090.03 and $1,221.45 for 1972 and 1973, respectively, while petitioners furnished support in the amounts of $741.61 and $810.72, respectively. Therefore, we believe respondent has clearly established that the Schicks supplied over one-half of the children's support during 1972 and 1973. Next we are faced with the question of the deductibility of certain expenditures for tires and escort service incurred in a move by petitioners from Des Moines, Iowa, to Britton, S.D. Neither party cites any authority for their position; however, respondent argues that the costs are "similar to the situation of a person driving his automobile to a new home as defined in Code§ 217, the automobile breaking down, and the person attempting to deduct under Code § 217 the expenses of repairing the automobile." To the extent of the replacement cost of the three tires, we agree with respondent. We do not believe section 217 was intended to throw a blanket of deductibility over every expenditure which a taxpayer might incur during the course of a move.The cost *25 of tires is essentially a capital expenditure. Also, we have previously held that expenses of a casualty type nature are not deductible under section 217. Ross v. Commissioner,T.C. Memo. 1972-122. However, the additional escort fee, we believe, was the type of expenditure section 217 was intended to encompass. Unlike the cost of the new tires, it was attributable solely to the move. As such, it is properly deductible as a moving expense. Decision will be entered under Rule 155.
Footnotes
1. These figures do not include the cost of visitation.↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable years in issue.↩
3. Price v. Commissioner,T.C. Memo. 1961-173; MacLean v. Commissioner,T.C. Memo. 1955-34; Lycan v. Commissioner,↩ a Memorandum Opinion of this Court dated Mar. 27, 1951. 4. Brooks v. Commissioner,T.C. Memo. 1957-76; Hastings v. Commissioner,T.C. Memo. 1957-202↩. 5. Hastings v. Commissioner,supra; Brumber v. Commissioner,↩ a Memorandum Opinion of this Court dated Mar. 31, 1952. 6. Sumner v. Commissioner, a Memorandum Opinion of this Court dated Feb. 15, 1954; Brumber v. Commissioner,supra↩.
7. Tharp v. Commissioner,T.C. Memo. 1977-36; Etienne v. Commissioner,T.C. Memo. 1959-170↩.
8. ↩
$ 7,275.05 / 6 = $ 1,212.51
6 for 8 mos. $ 5,628.06 = 938.01
5 for 4 mos. $ 2,814.03 = 562.80
$ 1,500.81
9. See Roberts v. Commissioner,T.C. Memo. 1978-127; Etienne v. Commissioner,T.C. Memo. 1959-170↩. 10. Respondent argues that the burden to prove his allocation unreasonable is on petitioners. We do not agree. Respondent has the burden of establishing that the custodial parents furnished over half of the children's support. He cannot rely on the presumptive correctness of the notice of deficiency to place this burden on the noncustodial parent.↩
11. ↩ 1972
1973
3110.54 / 6 = $ 518.42
4035.97 X 8/12 = 2690.65 / 6 = $ 448.44
4035.97 X 4/12 = 1345.32 / 5 = 269.06
$ 717.50
12. Roberts v. Commissioner,supra.↩